Opinion for the court filed by Circuit Judge RADER. Dissenting opinion filed by Circuit Judge PROST.
RADER, Circuit Judge.
Finding that Teva Pharmaceuticals USA, Inc., (“Teva”) “recast its product more than eighteen months after it provided the original sample to Lilly and only eight months before trial is set to commence,” the United States District Court for the Southern District of Indiana extended the statutory thirty-month stay of 21 U.S.C. § 355(j)(5)(B)(iii) (2003), preventing the U.S. Food and Drug Administration (“FDA”) from finally approving Teva’s Abbreviated New Drug Application (“ANDA”). Eli Lilly & Co. v. Teva Pharms. USA, Inc., No. 1:06-cv-1017, 2008 WL 4809963, at *4-5 (S.D.Ind. Dec.29, 2008) (“Extension Order”). Be *1348 cause the trial court did not abuse its discretion, this court affirms.
I
This case arises under the Drug Price Competition and Patent Term Restoration Act of 1984, Pub.L. No. 98-417, 98 Stat. 1585 (1984) (codified at 21 U.S.C. §§ 355, 360cc (2003); 35 U.S.C. §§ 156 (2002), 271 (2003)) (collectively, the “Hatch-Waxman Act”). Plaintiff-Appellee Eli Lilly & Company (“Lilly”) sued Teva for patent infringement under 35 U.S.C. § 1 et. seq. and 28 U.S.C. §§ 2201-02.
The Hatch-Waxman Act strikes a balance between the sometimes-competing policy interests of inducing pioneering research and development of new drugs and enabling production of low-cost, generic copies of those drugs. A manufacturer that seeks to market a generic drug may submit an ANDA for approval by the United States Food and Drug Administration (“FDA”), rather than submitting a full New Drug Application (“NDA”) showing the safety and efficacy of the generic drug. Thus, the generic manufacturer may rely on safety and efficacy studies of the pioneer manufacturer upon showing the generic drug’s bioequivalence with the previously approved drug product. 21 U.S.C. § 355(j)(2)(A) (2003).
The Hatch-Waxman Act also requires a pioneer drug manufacturer to notify the FDA of all patents that “claim[ ] the drug for which the [NDA] applicant submitted the application.” 21 U.S.C. §§ 355(b)(1) & (c)(2) (2003). The FDA lists such patents in its Approved Drug Products With Therapeutic Equivalence Evaluations, known as the “Orange Book”. Under 35 U.S.C. § 271(e)(2), a generic manufacturer infringes a patent by filing an ANDA to obtain approval for a generic drug product claimed by a valid and unexpired patent.
As part of the approval process, an ANDA applicant must make a certification addressing each patent listed in the Orange Book that claims the drug. 21 U.S.C. § 366(j)(2)(A)(vii). The Hatch-Waxman Act specifies the certification alternatives, (I) no such patent information has been submitted to the FDA; (II) the patent has expired; (III) the patent is set to expire on a certain date; or (IV) the patent is invalid or will not be infringed by the manufacture, use, or sale of the new generic drug for which the ANDA is submitted. 21 U.S.C. § 355(j)(2)(A)(vii)(I-IV) (2003). These are commonly referred to as paragraph I, II, III, and IV certifications.
When an ANDA certifies under paragraph IV, the applicant must provide the patentee a detailed basis for its belief that the patent is not infringed, that it is invalid, or that it is unenforceable. 21 U.S.C. § 355(j)(2)(B) (2003). The patentee then has forty-five days to sue the ANDA applicant for patent infringement. 21 U.S.C. § 355(j)(5)(B)(iii). If the patentee does not sue, the FDA may proceed to approve the ANDA. If the patentee does file suit, the FDA may not approve the ANDA until expiration of the patent, resolution of the suit, or thirty months after the patentee’s receipt of notice, whichever is earlier. Id. The court entertaining the suit has discretion under the statute to order a shorter or longer stay if “either party to the action fail[s] to reasonably cooperate in expediting the action.” Id.
In this case, Lilly holds the approved NDA for raloxifene hydrochloride (“raloxi-fene”) tablets. This product is marketed under the brand name Evista® for the treatment and prevention of postmenopausal osteoporosis. Lilly lists twelve patents that claim Evista® in the Orange Book.
Teva filed an ANDA with the FDA in early 2006, seeking approval to manufacture and market generic raloxifene. As part of its ANDA, Teva filed paragraph IV *1349 certifications. On May 16, 2006, Teva notified Lilly of its paragraph IV certifications.
Lilly sued Teva on June 29, 2006, alleging that Teva’s ANDA infringed four method patents of its twelve listed Orange Book patents for using raloxifene to prevent or treat postmenopausal osteoporosis: U.S. Patent Nos. RE38,968 (“the '968 patent”), RE39,049 (“the '049 patent”), RE39,050 (“the '050 patent”), and 6,906,-086 (“the '086 patent”). The FDA then stayed approval of Teva’s ANDA for thirty months, from the date that Lilly received Teva’s paragraph IV notifications, expiring on November 16, 2008. Extension Order, 2008 WL 4809963 at *1.
On September 25, 2006, the district court entered a scheduling order, setting a trial date of March 9, 2009 — four months after expiration of the thirty-month statutory stay. In February 2007, Lilly amended its complaint to assert that Teva infringed three additional Evista® patents— U.S. Patent Nos. 6,458,811 (“the '811 patent”), 6,797,719 (“the '719 patent”), and 6,894,064 (“the '064 patent”) — covering ra-loxifene particle size and formulation.
On July 8, 2008, Teva amended its ANDA to include a new particle-size measuring methodology for the active pharmaceutical ingredient in its proposed raloxi-fene tablets. Extension Order, 2008 WL 4809963 at *2. Teva disclosed this amendment to Lilly on July 10, 2008, and provided it three batch samples on July 28, August 19, and September 17, 2008. The district court, however, previously set a discovery deadline of August 18, 2008. Id. at *4 n. 2. By September 5, 2008, Teva also provided Lilly with 27,000 pages of related documentation. Moreover, the district court ordered Teva to produce additional raloxifene samples to Lilly by December 15, 2008, in response to Lilly’s motion to compel discovery.
On September 17, 2008, Lilly moved the district court under 21 U.S.C. § 355(j)(5)(B)(iii) to extend the statutory thirty-month stay due to Teva’s alleged discovery violations, prejudicing Lilly’s preparations for trial. Extension Order, 2008 WL 4809963 at *1. Lilly alleged that Teva “fail[ed] to 'reasonably cooperate in expediting the action’ ... as evidenced by Teva’s last-minute alteration of its proposed drug product and its ‘multiple delays in producing critical discovery ... [which have] adversely affected Lilly’s infringement case and trial preparation.’ ” Extension Order, 2008 WL 4809963 at *2 (citing Lilly Mot. for Ext. of Stat. Stay at 1-2) (second alteration in the original). Lilly also alleged that Teva prejudiced its preparations for trial by not timely disclosing its plans to alter the particle-size measuring methodology of its proposed raloxifene tablets. Id. Teva allegedly began changing its particle-size measuring methodology as early as November 2007 with the goal of avoiding infringement of Lilly’s asserted patents.
On October 6, 2008, Lilly moved the district court for a temporary restraining order (“TRO”) and preliminary injunction to prevent Teva from launching its product on November 16, 2008, after expiration of the statutory thirty-month stay. The court granted Lilly’s motion on October 29, 2008, to extend the statutory thirty-month stay until the beginning of trial on March 9, 2009. Extension Order, 2008 WL 4809963 at *6. Lilly’s motions for a TRO and preliminary injunction were thus denied as moot. Id. at *6 n. 5.
Given the urgency of Teva’s situation, just weeks before trial, it filed a motion in this court for an expedited appeal from the district court’s order. Because the district court continued the injunction against the FDA, preventing it from finally approving Teva’s ANDA until March 9, 2009, this court has jurisdiction *1350 over this appeal under 28 U.S.C. § 1292(a)(1).
II
The standard of review in this case is abuse of discretion in both the United States Courts of Appeals for the Federal and Seventh Circuits. See Rick’s Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1342 (Fed.Cir.2008) (“We review a denial of a request for additional discovery for abuse of discretion.”); Gile v. United Airlines, 95 F.3d 492, 495 (7th Cir.1996) (“[W]e review a district court’s discovery determinations for an abuse of discretion.”). Therefore, this court need not decide the question of which jurisdiction’s law applies and will apply an abuse of discretion standard to its analysis.
“A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.” Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). While extending the thirty-month statutory stay, the district court found,
In light of the fact that Teva has recast its product more than eighteen months after it provided the original sample to Lilly and only eight months before trial is set to commence, we find that, in preparation for trial, Lilly is entitled to have sufficient opportunity to identify the nature and composition of the raloxi-fene product as Teva intends for it to be sold.
Extension Order, 2008 WL 4809963 at *4-6. In making this determination, the record contained sufficient evidence, not based on clearly erroneous factual findings, upon which the district court rationally based its decision. The court relied on the evidence in the record that Teva altered its proposed generic raloxifene hydrochloride tablets late in the litigation. Specifically, Teva changed the particle size manufacturing specification of its active pharmaceutical ingredient and the method of measuring the particle size. Id. at *2. Teva then delivered its changed samples to Lilly past the court’s August 18, 2008, discovery deadline.
In making these findings, the district court acted within its discretion in this area. 21 U.S.C. § 355(j)(5)(B)(iii) grants district courts the discretion to adjust the statutory thirty-month stay of AND As if “either party to the action failed to reasonably cooperate in expediting the action.” Trial courts, thus, may shorten or extend the thirty-month statutory period based on the parties’ uncooperative discovery practices before the court. Allergan, Inc. v. Alcon Labs., Inc., 324 F.3d 1322, 1337 n. 5 (Fed.Cir.2003) (Schall, J., concurring).
In explaining the statutory language, the House Committee report specified, “[fjail-ure by either party to cooperate in a reasonable manner may be used by the court to reduce or lengthen the time, as appropriate, before an ANDA approval becomes effective.” H.R.Rep. No. 98-857, at 16 (1984), as reprinted in 1984 U.S.C.C.A.N. 2686, 2700. Because Teva provided Lilly with its altered raloxifene samples just eight months before trial, the district court extended the stay “to provide Lilly with a reasonable amount of time to allow its expert to test and report on the altered raloxifene samples provided by Teva and for Lilly to assess and utilize that information and analysis in preparation for trial.” Extension Order, 2008 WL 4809963 at *6.
Teva argues that this court’s opinion in Andrx Pharmaceuticals, Inc. v. Biovail Corporation, 276 F.3d 1368 (Fed.Cir.2002), shows that the district court erred in extending the thirty-month stay. In Andrx, Biovail and Andrx were embroiled in patent litigation over both infringement and *1351 validity. Id. at 1372. The filing of the action triggered an automatic thirty-month stay of Andrx’s ANDA from the date Bio-vail received Andrx’s paragraph IV certifications on February 20, 2001. Id. Before the expiration of the thirty-month stay, Biovail acquired an exclusive license to a second patent in January 2001 that allegedly claimed the subject matter of its NDA. Id. Biovail changed its manufacturing process to fall within the claims of the second patent, which it submitted to the FDA on January 8, 2001, for listing in the Orange Book. Id. at 1372-73. In a February 2, 2001, letter to Andrx, the FDA stated that because of the listing of Bio-vail’s second patent, it no longer intended to approve Andrx’s ANDA upon the expiration of the thirty-month stay. Id. at 1372.
Andrx filed paragraph IV certifications with the FDA on February 16, 2001, that it did not infringe the second patent and that the patent was invalid. Andrx, 276 F.3d at 1373. On April 5, 2001, forty-four days after it received the paragraph IV certifications on February 20, 2001, Biovail filed a second suit against Andrx under 35 U.S.C. § 271(e)(2) for infringement of the second patent. Id. The second suit triggered a second thirty-month statutory stay ending August 8, 2003.* Id.
Andrx moved for summary judgment under 21 U.S.C. § 355(j)(5)(B)(iii) that the district court shorten the second thirty-month stay. Id. at 1374. In granting the motion, the district court found Biovail had intentionally impeded and delayed the expeditious resolution of the patent actions between it and Andrx. Id. at 1374-75. The district court, thus, shortened the second statutory thirty-month stay to September 27, 2001. Id. at 1375.
On appeal, this court held that the district court exceeded its authority under 21 U.S.C. § 355(j)(5)(B)(iii), vacated the district court’s order, and remanded for further proceedings. Andrx, 276 F.3d at 1370. This court found the district court’s reading of the statute was overly broad. The district court concluded it could shorten the thirty-month stay due to the alleged delay in the resolution of both patent disputes between the parties. Id. at 1376. The district court, however, erred by basing its decision on Biovail’s positions before the FDA- Id.
Unlike Andrx, in this case, the district court extended the statutory thirty-month stay based oh its findings of Teva’s lack of cooperation in expediting the patent litigation in its court. The court’s findings were not based on Teva’s filing with the FDA. Moreover, as discussed, the district court’s decision was supported by the record, its factual findings, and proper application of the law.
Ill
Because the district court did not abuse its discretion with its discovery findings and extending the statutory thirty-month stay to March 9, 2009, this court affirms. Given the short timing of this appeal, under Federal Rule of Appellate Procedure 40, a petition for panel rehearing or rehearing en banc must be filed within seven days after entry of judgment.

AFFIRMED.

 In June 2003, the FDA amended its regulations so that an NDA holder could not obtain additional thirty-month stays based on patents added to the Orange Book after a generic manufacturer filed its ANDA. See Apotex, Inc. v. Thompson, 347 F.3d 1335, 1341 (Fed.Cir.2003); Robert A. Matthews, Jr., Annotated. Patent Digest § 10:154 (2007). In late 2003, Congress amended 21 U.S.C. § 355(j)(5)(B)(iii) to eliminate the thirty-month stay for any patent the NDA holder acquired after the generic manufacturer filed its ANDA. Pub.L. No. 108-173, § 1101 (a)(2)(A)(ii), 117 Stat. 2448 (2003).